O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LONNIE D. HARGROVE, | ) | Case No. CV 09-8553-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Lonnie Hargrove seeks judicial review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

**I. Factual and Procedural History**

Plaintiff was born on December 9, 1961. (Administrative Record ("AR") 19, 58.) He has a high school education with no other trade or

vocational training. (AR 19, 79.) Plaintiff was employed for twelve years as a bakery clerk. (AR 17, 73-74.)

Plaintiff filed an application for benefits on June 29, 2007, alleging that he had been disabled since January 18, 2007 due to bipolar disorder, high blood pressure, diabetes and manic depression. (AR 13, 73.) Plaintiff's application was denied initially on December 7, 2007. (AR 13, 44-48.) An administrative hearing was held on May 7, 2009, before Administrative Law Judge ("ALJ") Dale A. Garwal at which Plaintiff, represented by counsel, testified. (AR 27-37.)

On June 19, 2009, ALJ Garwal denied Plaintiff's application for benefits. (AR 13-19.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the time period at issue. (AR 15.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: diabetes, a bipolar disorder and depression. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) In evaluating Plaintiff's residual functional capacity ("RFC"), the ALJ found as follows: "medium work with restrictions to doing simple routine work tasks and limited public contact do not allow the claimant to perform the full range of unskilled occupations at the medium level; however, he could perform many jobs existing in the national economy at the unskilled sedentary and light levels (section 203.00 and 20 CFR 416.967(c). Unskilled work requires little judgment and can be learned in a short period of time and is primarily work with things, not work around people (20 CFR 416.968(a))." (AR 19.)

The ALJ determined that Plaintiff was unable to perform his past relevant work as a bakery clerk. (AR 18-19.) However, relying on the

Medical-Vocational Guidelines, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform (20 C.F.R. 416.960(c), 416.966). (AR 19.) The ALJ concluded that Plaintiff was therefore not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (Id.)

On September 16, 2009, the Appeals Council denied review (AR 1-4) and Plaintiff timely commenced this action for judicial review. On April 26, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by relying on the Medical-Vocational Guidelines in concluding that there were a significant number of jobs in the national economy that Plaintiff could perform despite finding that Plaintiff was limited in his ability to deal with co-workers, supervisors and the general public. (Joint Stp. 4.) Plaintiff seeks a reversal of the Commissioner's denial of his application and remand for a new administrative hearing. (Joint Stp. 11.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in relying on the Medical-Vocational Guidelines to be meritorious and remands this matter for further proceedings consistent with this opinion.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error.

*Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by neglecting to obtain vocational expert testimony on the issue of whether there existed work in the national economy that Plaintiff could perform and instead relying solely on the Medical-Vocational Guidelines. (Joint Stip. 5.) The Court agrees.

Once a claimant has demonstrated the existence of a severe impairment that precludes her from doing past work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform despite his impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Commissioner may satisfy this burden by: (1) taking the testimony of a vocational expert or (2) applying the Medical-Vocational Guidelines at

Case 2:09-cv-08553-MLG   Document 16   Filed 04/29/10   Page 5 of 7   Page ID #:356

20 C.F.R., Part 404, Subpart P, Appendix 2 (the "grids"). *Id.*

The grids provide a system "for disposing of cases that involve substantially uniform levels of impairment." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids categorize jobs by three physical-exertional requirements: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). These exertional levels are further divided by a claimant's age, education, and work experience. *Id.* The grids direct a finding of "disabled" or "not disabled" depending on a claimaint's particular combination of factors. *Id.*

There are "strict limits on when the Secretary may rely on the Guidelines." *Desrosiers*, 846 F.2d at 578 (Pregerson, J., concurring). An ALJ may only substitute the grids for vocational expert testimony when they "*completely and accurately* represent a claimant's limitations." *Tackett*, 180 F.3d at 1101 (emphasis in original); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). This means that "a claimant must be able to perform the *full range* of jobs in a given [exertional] category" for the grids to apply. *Tackett*, 180 F.2d at 1101 (emphasis in original); *see also Burkhart*, 856 F.2d at 1340. Because "the grids are predicated on a claimant suffering from an impairment which manifests itself by limitations in meeting the strength requirements of jobs[,] they may not be fully applicable" for a claimant's non-exertional limitations. *Lounsberry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). The mere allegation of a nonexertional limitation, however, does not preclude the use of the grids. For the grids to be inadequate, the nonexertional limitation must be

5

"'sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations.'" *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (quoting *Burkhart*, 856 F.2d at 1340); *see also Desrosiers*, 846 F.2d at 577. When "a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." *Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).

In the present case, the ALJ found that, while Plaintiff had a physical residual functional capacity to perform medium work, his mental impairment limited him to "simple routine work tasks" and "limited contact with co-workers, supervisors and the general public." (AR 16.) The grids do not completely describe these nonexertional limitations, which would preclude him from performing the full range of work at any exertional level. As such, it was improper for the ALJ to rely on the grids at step five rather than taking vocational expert testimony. *See, e.g.*, *Holohan*, 246 F.3d at 1208-09 (ALJ committed legal error by relying on grids where claimaint's only severe impairments were psychiatric); *Tackett*, 180 F.3d at 1103-04 (vocational expert testimony necessary because claimant's need to shift, stand up, or walk around every thirty minutes is significant nonexertional limitation not contemplated by grids); *Polny*, 864 F.2d at 663-64 (grids inapplicable because, although claimaint was "capable of performing a wide range of jobs," he could not perform ones that were "highly stressful," that "require[d] comprehension of complex instructions," or "require[d] dealing with the public"); *Burkhart*, 856 F.2d at 1341 & n.4 (grids inapplicable because they did not account for the claimaint's need to avoid stressful environments, his inability to regularly use his hands, or his vision

problems).[1]

Instead of taking vocational expert testimony, the ALJ merely stated that Plaintiff "could perform many jobs existing in the national economy at the unskilled sedentary and light levels." (AR 26-27.) The ALJ did not specifically identify any jobs that Plaintiff was capable of performing given his nonexertional limitations. This was insufficient to meet the ALJ's burden at step five. The ALJ should have had a vocational expert testify as to whether there were jobs in the national economy that Plaintiff could perform despite his specific nonexertional limitations. Accordingly, the matter shall be remanded for that purpose.

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: April 29, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[1] Reliance on the grids may have been appropriate if Plaintiff's nonexertional limitations had been insufficiently severe so as to limit his range of work, but the ALJ made no such finding in this case.